AGUSTIN AND ANGELA TORUNO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Toruno v. Commissioner
Docket No. 7771-88
United States Tax Court
T.C. Memo 1989-324; 1989 Tax Ct. Memo LEXIS 324; 57 T.C.M. (CCH) 863; T.C.M. (RIA) 89324; July 5, 1989; As corrected August 17, 1989 Agustin *325 and Angela Toruno, pro se. W. Robert Abramitis and Mitchell I. Horowitz, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable years in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.) The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed pursuant to Rule 40. Petitioner Agustin Toruno filed a Notice of Objection to respondent's motion to dismiss. Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Taxes Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6659
6621(c)
1981
$ 33,195.75
$ 8,298.93
$ 2,055.00
*  $ 9,958.72 ****
1982
27,106.73
6,776.68
1,963.54 ** 8,132.01 *****
1983
14,465.43
3,616.35
1,499.32 ***
3,616.35 ******
*326 Petitioners resided in Miami Shores, Florida when their petition was filed. As indicated in the notice of deficiency, petitioners failed to file their Federal income tax returns for the years 1981, 1982, and 1983 within the time prescribed by law. Petitioners did not allege in their petition that those returns were timely filed. Petitioners made themselves subject to the jurisdiction of this Court by filing their petition. Sec. 6213. There is no question but that this Court, established as a court of record under Article I of the Constitution, has the power and authority to decide cases such as the one before it. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); *327 secs. 7441 and 7442. Petitioners also filed a Motion For Representation of Petitioners' Choice, and a Motion for Jury Trial when they filed their petition. Both motions were denied by this Court. Respondent's motion and exhibits referred to relevant opinions of this Court. Even after receiving these documents, petitioner Agustin Toruno, who was granted leave to file an untimely Notice of Objection, continued to make tax protester arguments based on "help from other lay persons" but made no effort to cure petitioners' defective petition. Finally, the Court gave petitioners an opportunity to amend their petition. The Court issued an Order advising petitioners that their tax protester assertions do not aid their case and ordered them to file a complete amended petition in accordance with the Tax Court Rules of Practice and Procedure. Petitioners failed to respond to the Court's Order. The allegations in petitioners' petition and accompanying motions contain tax-protester-type generalized allegations against respondent's actions and about petitioners' purported rights. Petitioners had to have known that these allegations would not support their petition to this Court and *328 had to have been made primarily to delay the payment of their taxes. Petitioners could not have believed these arguments were anything but frivolous and groundless. It is clear from petitioners' petition, motion for jury trial, motion for representative of petitioners' choice, and petitioner Agustin Toruno's notice of objection that they are tax protesters. Petitioners' tax protester arguments have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983). We see no need to repeat those discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." After review of petitioners' petition, we agree with respondent that the petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency *329 and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. Congress has granted this Court the authority to award the United States damages up to $ 5,000 whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue administrative remedies. Sec. 6673. As noted, petitioners knew or should have known that their claims were frivolous. Nevertheless, they instituted and maintained this action to delay the payment of their taxes. Based on our reading of the record in this case, on our own motion we find that the proceedings in this case were instituted and maintained primarily for delay and that petitioners' position in this proceeding is frivolous and groundless. Damages of $ 5,000 will be awarded to the United States. An appropriate order will be entered.
Footnotes
*. 50% of the interest due on the underpayment due to negligence of $ 33,195.75. ** 50% of the interest due on the underpayment due to negligence of $ 27,106.73. *** 50% of the interest due on the underpayment due to negligence of $ 14,465.43. **** 120% of the interest due on $ 33,195.75 accruing after December 31, 1984. ***** 120% of the interest due on $ 27,106.73 accruing after December 31, 1984. ****** 120% of the interest due on $ 14,465.43 accruing after December 31, 1984.↩